UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS D.,

         Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

CASE NO. 2:23-cv-00066-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 12, 18.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

## I.    PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* Administrative Record ("AR") 73, 89. Plaintiff's requested hearing was held before the ALJ on October 5, 2021. AR 34-60.

On November 8, 2021, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 15-33. On November 4, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 4-9. On January 12, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 1. Defendant filed the sealed AR regarding this matter on April 10, 2023. Dkt. 9.

## II.    BACKGROUND

Plaintiff was born in 1958 and was 61 years old on the alleged date of disability onset of February 27, 2020. AR 27, 217. Plaintiff has a high school education. AR 28. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairment of schizoaffective disorder. AR 21. However, the ALJ the ALJ found Plaintiff was not disabled because he had the following residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry out simple instructions and exercise simple workplace judgment. He can perform work that is learned by on-the-job training beyond a short demonstrating lasting up to and including one month. He can respond appropriately to supervisors and coworkers, can deal with occasional changes in the work environment, and can work in jobs that require occasional interaction or contact with the public.

AR 22.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the testimony of Plaintiff; (2) whether the ALJ properly evaluated the medical opinions; (3) whether the ALJ properly evaluated the lay witness testimony; and (4) whether the ALJ properly considered Plaintiff's non-severe impairments in assessing his RFC. Dkt. 12 at 1.[1]

### A. Plaintiff Testimony

Plaintiff argues the ALJ erred by not giving specific, clear, and convincing reasons for discounting Plaintiff's testimony. Dkt. 12 at 9-10 (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014)).

Plaintiff testified that he suffers from auditory hallucinations and thoughts of suicide, but that he takes medications for depression, which improve his symptoms. AR 46. The medications make him forgetful and affect his balance and concentration, and he testified that he cannot work because of these side effects. AR 44. He clarified that he struggles more with recent memories but does not have problems remembering how to complete basic tasks. AR 46-48. Plaintiff's brother helps him to cook, care for his personal hygiene, and take his medication. AR 48.

The ALJ found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of his symptoms was not entirely consistent with the medical evidence and other evidence in the record. AR 24. First, the ALJ found that Plaintiff's schizoaffective disorder and

---

[1] Plaintiff also argues that the ALJ did not support his decision with substantial evidence. Dkt. 12 at 1. Because this is dependent on the first four issues, the Court need not address it separately.

depressive symptoms were controlled by medication. AR 24. Since beginning treatment, Plaintiff often reported he was feeling well, denied significant problems, noted only infrequent hallucinations, and denied feeling depressed. AR 267, 296, 420, 423. Plaintiff occasionally reported more severe symptoms, such as a bout of a depression after the death of his aunt. AR 276. But reports of successful treatment predominate throughout the record, indicating "true discrepancies" with Plaintiff's testimony, "rather than the ebb and flow of the claimant's mental impairments." *Caceres v. Colvin*, No. 3:14-CV-05908-DWC, 2015 WL 4040727, at *7 (W.D. Wash. July 1, 2015). Impairments that can be controlled with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Second, the ALJ found that the medical record "does not support the level of severity" of Plaintiff's medication side effects and memory deficits. AR 24. The ALJ noted that Plaintiff was "able to immediately recall 3 of 3 words and remember 2 of 3 words after a short interval" and complete a three-stage command at his consultative examination. AR 21 (citing AR 256-60). Although one examination indicated that Plaintiff had "severe, not profound, memory loss, slowed information processing, and marginal executive functioning," AR 464, other treatment records showed that Plaintiff had "fairly intact memory." AR 415, 487, 494, 497. Contradiction with the medical record is a sufficient basis for rejecting subjective testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citing *Carmickle v. Comm'r*, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008)). While some records indicate greater limitations, the ALJ reasonably concluded that Plaintiff's memory deficits were not as severe as alleged. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002);

*see also Hauff v. Colvin*, No. EDCV 13-497 FFM, 2014 WL 4854712, at *5 (C.D. Cal. Sept. 30, 2014).

**B.    Assessment of Medical Opinions**

Plaintiff assigns error to the ALJ's evaluation of an October 2021 opinion from Plaintiff's treating physician, Dr. Ali Hejazi. Dkt. 12 at 6.

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit recently held that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

In completing a Mental Impairment Questionnaire, Dr. Hejazi wrote that he met with Plaintiff every six months to treat his severe memory loss and cognitive impairment. AR 535. According to Dr. Hejazi, Plaintiff suffers from severe memory loss, slowed information processing, marginal executive functioning with reasonable awareness, and confusion from "not being able to remember all the details of events." AR 535. He opined that Plaintiff was seriously limited in his ability to remember work-like procedures, understand and remember very short and simple instructions, maintain attention, maintain regular attendance and be punctual, work in coordination with or proximity to others, complete a normal workday and workweek without

1   interruptions from psychologically based symptoms, deal with normal work stress, and was

2   unable to meet competitive standards with respect to his ability to sustain an ordinary routine

3   without special supervision. AR 537. More broadly, he found a marked limitation on Plaintiff's

4   ability to concentrate and to remember information. AR 539.

5         Beyond a short description of Plaintiff's symptoms on the first page of the questionnaire,

6   Dr. Hejazi did not explain his opined limitations. AR 534-540. The ALJ found Dr. Hejazi's

7   opinion not persuasive because it was "not supported by citation to objective medical evidence."

8   AR 27. This Court affirms. *See Leverenz v. Berryhill*, 691 F. App'x 445, 447 (9th Cir. 2017)

9   ("The ALJ need not accept the opinion of any physician, including a treating physician, if that

10  opinion is brief, conclusory, and inadequately supported by clinical findings") (quoting *Thomas*

11  *v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002)); *Amanda P. v. Kijakazi*, No. 1:21-CV-03021-

12  MKD, 2022 WL 2901009, at *10 (E.D. Wash. May 23, 2022) ("The Social Security regulations

13  'give more weight to opinions that are explained than to those that are not'") (quoting *Holohan v.*

14  *Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001)).[2]

15  **C.      Lay Witness Testimony**

16        ALJs are required to give germane reasons to discount the opinions of lay witnesses.

17  *Debbie P. v. Kijakazi*, 1:20-CV-00469-CWD, 2022 WL 225054, at *6 (D. Idaho Jan. 25, 2022)

18  (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993)).

19        At the October 2021 hearing, Plaintiff's brother testified that Plaintiff struggles to

20  remember how to perform basic daily tasks such as using a coffee pot and cooking meals, needs

21

---

[2] Plaintiff also argues the ALJ erred because the record did not contain CE exams from Rachel Dibooglu FNP, and that "it is unclear if this evidence would change the ALJ's RFC determination." Dkt. 12 at 16. This Court agrees with the Commissioner that the record "contains multiple medical opinions that are sufficient to form a conclusion regarding Plaintiff's functional capacity," and that Plaintiff has not identified ambiguous evidence or an inadequacy in the record that would justify reversal.

to be reminded to maintain his own hygiene, requires close supervision, and is unable to safely work alone or with others. AR 51-54. Again, the ALJ found the record did not support the alleged severity of Plaintiff's memory deficits. AR 24. This was a germane reason to reject the statements of Plaintiff's brother and, as discussed above, it is supported by substantial evidence in Plaintiff's treatment records.

**D.     Plaintiff's Non-Severe Impairments**

Plaintiff contends that the ALJ failed to consider limitations from all of Plaintiff's severe and non-severe impairments, such as from Plaintiff's memory loss, depression, and anxiety. Dkt. 12 at 5. But, as discussed above, the ALJ explicitly discussed each of these issues, finding Plaintiff's memory issues do not warrant a more restrictive RFC and his anxiety and depression symptoms are controlled by medication. AR 22-25. This Court affirms.

## IV.     CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** to pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 8th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge